UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL ANGEL DE LEON and AMINTA CELESTINA CARRETO YOC DE LEON,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 3:26-cv-00143-ART-CSD<br><br>SCREENING AND SERVICE ORDER |

Petitioners Samuel Angel De Leon and Aminta Celestina Carreto Yoc De Leon, immigration detainees who are challenging the lawfulness of their federal detention at the Washoe County Detention Center, have filed a counseled Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, moved for a temporary restraining order, and paid their filing fee. (ECF Nos. 1 ("Petition"), 2 ("Motion").) Following a preliminary review of the Petition under the Rules Governing Section 2254 Cases,[1] the Court finds that the Petition establishes a *prima facie* case for relief, so it directs that it be served on the United States Attorney's Office for the District of Nevada and sets a briefing schedule.

It is therefore kindly ordered that the Clerk of Court:

1. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

---

[1] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

1

    2. **MAIL** a copy of the Petition (ECF No. 1), Motion (ECF No. 2), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Darin Balaam, Sheriff, Washoe County Detention Center, 911 E. Parr Blvd., Reno, NV 89512.

    3. **SEND** a copy of the Petition (ECF No. 1), Motion (ECF No. 2), and this Order via a courtesy email, through CM/ECF, to Assistant District Attorney Cobi Burnett of the Washoe County District Attorney's Office at CBurnett@da.washoecounty.gov.

It is further ordered that counsel for Respondents file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the Petition and their response to the Motion within 14 days of the date of this Order, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[2] Petitioners will then have 7 days to file a reply to both the answer and the response.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that Respondents shall not transfer Petitioners out of this District until the resolution of this petition.[3]

---

[2] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[3] *See F.T.C. v. Dean Foods Co.,* 384 U.S. 597, 604 (1966) (noting the court may

1      DATED THIS 3rd day of March, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3